**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| PIES & PINTS MANAGEMENT COMPANY, LLC | ) ) ) | Case No. 2:16-cv-978 |
| Plaintiff, | ) ) | Judge |
| v. | ) ) | Magistrate Judge |
| Sawmill 9721, LLC | ) ) | JURY DEMAND ENDORSED HEREON |
| Defendant. | ) ) | |

**COMPLAINT**

Plaintiff Pies & Pints Management Company, LLC ("Pies & Pints") hereby alleges for its complaint against Defendant Sawmill 9721, LLC ("Sawmill"), as follows:

**NATURE OF THIS ACTION**

1. This is an action for (1) trademark infringement and false designation of origin under 15 U.S.C. § 1125(a), (2) trademark infringement under 15 U.S.C. §1114, (3) violation of the Ohio Deceptive Trade Practices Act, Ohio Rev. Code § 4165.02, (4) Ohio common law unfair competition, and (5) Ohio common law trademark and trade name infringement.

**PARTIES**

2. Pies & Pints is a limited liability company with a principal place of business at 8462 Grennan Woods, Powell, Ohio 43065, and owns the exclusive right to use the term PIES & PINTS in Ohio and the surrounding area, and any confusingly similar trademark, for goods and services related to restaurants and bars.

3. Sawmill is a limited liability company organized under the laws of Ohio and with a principal place of business at 9721 Sawmill Road, Powell, Ohio 43065.

**JURISDICTION AND VENUE**

4. This Court has personal jurisdiction over Sawmill. Its principal place of business is in the jurisdiction of this Court, Sawmill does business in the state of Ohio, including within this District, and Sawmill has had continuous and systemic contacts with the state of Ohio and has committed the acts complained of herein in Ohio.

5. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §§ 1116 and 1121 and 28 U.S.C. §§ 1331 and 1338, and has supplemental jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

6. Venue for this action is proper under 28 U.S.C. § 1391(b) and Local Rule 82.1(b) in the United States District Court for the Southern District of Ohio, Eastern Division, because Sawmill's principal place of business is located therein and the events giving rise to the claims alleged herein occurred and are occurring within this District.

**BACKGROUND**

7. Pies & Pints manages restaurants utilizing the trademark PIES & PINTS. The restaurants are known for their specialty pizzas, extensive beer list, exceptional customer service, and fun bar atmosphere. The first restaurant opened in 2002 and the franchise has expanded to ten restaurants in the Ohio/West Virginia/Kentucky region. There are five restaurants in Ohio, three of which are located in the Columbus, Ohio area, and Pies & Pints is currently constructing two more restaurants in Ohio.

8. Pies & Pints has also taken steps to formally protect its trademark rights. It is the owner of U.S. Trademark Registration No. 3,020,418 for the mark PIES & PINTS in relation to restaurant and bar services. The initial trademark application was filed on September 12, 2004. The application registered on November 29, 2005, granting Pies & Pints the right to use the PIES

& PINTS mark in relation to restaurant and bar services and to prevent any confusingly similar trademark use by a subsequent user. The trademark registration is incontestable.

9. Pies & Pints registration and use of the PIES & PINTS trademark provides constructive notice of its trademark rights.

10. Sawmill is engaged in the business of operating restaurants and bars.

11. Sawmill registered the tradename FIREHOUSE PIES AND PINTS on or about April 1, 2016 with the Ohio Secretary of State.

12. Sawmill opened a restaurant under the tradename FIREHOUSE PINTS AND PIZZA on or about July 29, 2016.

13. On information and belief, Sawmill began using a confusingly similar name to the well-known PIES & PINTS trademark to exploit and acquire the goodwill associated with the long term use of the PIES & PINTS trademark and to deliberately confuse and deceive the purchasing public into believing that Sawmill's goods and services are the same as, associated with, licensed or sponsored by Pies & Pints, when, in fact, they are not.

14. Since the opening of the "Firehouse Pints and Pizza" restaurant, Plaintiff has received a number of inquiries regarding the affiliation between Sawmill and Pies & Pints, all of which further demonstrate actual consumer confusion and infringement to the detriment of Pies & Pints.

15. Without permission or consent from Pies & Pints, Sawmill has offered and is offering goods and services using a tradename confusingly similar to the PIES & PINTS trademark and has thereby deliberately caused confusion among the purchasing public by committing the acts complained of herein.

16. Pies & Pints, upon learning of the actual confusion caused by Sawmill's infringing use, put Sawmill on actual notice of Pies & Pints trademark rights and the actual confusion caused by Sawmill's infringing use.  See Exhibit A.

17. On information and belief, Sawmill willfully and deliberately chose its tradename to falsely associate its goods and services with those of Pies & Pints and to trade upon Pies & Pint's valuable reputation and customer goodwill in order to cause confusion with the PIES & PINTS goods and services and to confuse the purchasing public into believing that its goods and services are those of Plaintiff when, in fact, they are not.

18. Sawmill's goods and services travel in the identical or similar channels of trade, and are sold to identical or similar customers as Plaintiff's PIES & PINTS branded goods and services. Customers are likely to be confused between Pies & Pint's goods and services and the goods and services offered by Sawmill.

19. Sawmill is currently using "Firehouse Pints & Pizza" to promote its accused goods and services.

### FIRST CLAIM FOR RELIEF

(Trademark Infringement and False Designation of Origin Under 15 U.S.C. § 1125(a))

20. Pies & Pints hereby repeats, realleges, and incorporates by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

21. This is an action for trademark infringement and false designation of origin arising under 15 U.S.C. § 1125(a).

22. Sawmill uses "Firehouse Pints & Pizza" in interstate commerce in marketing its accused goods and services.

23. As a result of the widespread use and promotion of the PIES & PINTS trademark, the PIES & PINTS trademark has acquired secondary meaning to consumers and potential customers because consumers and potential customers have come to associate the PIES & PINTS trademark with Pies & Pint's goods and services.

24. Sawmill has infringed the PIES & PINTS trademark, and created a false designation of origin, by using in commerce, without Pies & Pint's permission, trademarks confusingly similar to the PIES & PINTS trademark, in connection with the advertisement offering for sale, and or sale of the accused goods and services.

25. Sawmill's actions are likely to cause confusion and mistake, or to deceive as to the affiliation, connection, or association of Pies & Pints with Sawmill and/or as to the origin, sponsorship, or approval of Sawmill's goods, services, or commercial activities, in violation of 15 U.S.C. § 1125(a).

26. Upon information and belief, Sawmill has infringed the PIES & PINTS trademark with the intent to trade upon Pies & Pint's reputation and goodwill by causing confusion and mistake among customers and the public and to deceive the public into believing Sawmill's accused goods and services are associated with, sponsored by, endorsed by, or approved by Pies & Pints, when they are not.

27. Sawmill has actual knowledge of Pies & Pint's ownership and prior use of the PIES & PINTS trademark, and without consent of Pies & Pints, has willfully violated 15 U.S.C. § 1125(a).

28. Sawmill's aforementioned acts have damaged Pies & Pints in an amount to be determined at trial.

29. By its actions, Sawmill has irreparably injured Pies & Pints. Such irreparable injury will continue unless Sawmill is preliminarily and permanently enjoined by this Court from further violation of Pies & Pint's rights, for which Pies & Pints has no adequate remedy at law.

### SECOND CLAIM FOR RELIEF

(Trademark Infringement Under 15 U.S.C. § 1114)

30. Pies & Pints hereby repeats, realleges, and incorporates by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

31. This is a claim for trademark infringement arising under 15 U.S.C. § 1114.

32. Pies & Pints owns a valid and enforceable registered trademark for PIES & PINTS, U.S. Trademark Registration No. 3,020,418.

33. Sawmill has used in commerce, without permission from Pies & Pints, colorable imitations, and/or confusingly similar marks to the PIES & PINTS trademark in connection with the distribution, selling, offering for sale, advertising, and/or promoting of the Sawmill goods and services. Such use is likely to cause confusion or mistake or to deceive.

34. The activities of Sawmill complained of herein constitute infringement of the PIES AND PINTS trademark, and upon information and belief Sawmill has undertaken those activities with the intent to trade upon Pies & Pint's reputation and goodwill by causing confusion and mistake among customers and the public and to deceive the public into believing Sawmill's accused goods and services are associated with, sponsored by, endorsed by, or approved by Pies & Pints, when they are not.

35. Sawmill had actual knowledge of Pies & Pint's ownership and prior use of Pies & Pint's registered trademark, and has willfully violated 15 U.S. C. § 114.

36. Sawmill's aforementioned acts have damaged Pies & Pints in an amount to be determined at trial.

37. By its actions, Sawmill has irreparably injured Pies & Pints.  Such irreparable injury will continue unless Sawmill is preliminarily and permanently enjoined by this Court from further violation of Pies & Pint's rights, for which Pies & Pints has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF

(Deceptive Trade Practices – Ohio DTPA, Ohio Rev. Code § 4165.02)

38. Pies & Pints hereby repeats, realleges, and incorporates by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

39. Sawmill is, directly and through agents and employees, deceiving consumers, competing unfairly, falsely passing itself off as a PIES & PINTS franchise, and unfairly trading on and appropriating the reputation and good will of PIES & PINTS for the commercial gain of Sawmill.

40. By the aforesaid acts, Sawmill violated one or more provisions of the Ohio Deceptive Trade Practices Act, Ohio Rev. Code § 4165.02.

### FOURTH CLAIM FOR RELIEF

(Common Law Unfair Competition)

41. Pies & Pints hereby repeats, realleges, and incorporates by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

42. Sawmill is, directly and through agents and employees, deceiving consumers, competing unfairly, falsely passing itself off as a PIES & PINTS franchise, and unfairly trading on and appropriating the reputation and good will of PIES & PINTS for the commercial gain of Sawmill.

43. By the aforesaid acts, Sawmill engaged in unfair competition pursuant to the common law of the State of Ohio.

## FIFTH CLAIM FOR RELIEF

(Common Law Trademark Infringement and Trade Name Infringement)

44. Pies & Pints hereby repeats, realleges, and incorporates by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

45. Sawmill is, directly and through agents and employees, deceiving consumers, competing unfairly, falsely passing itself off as a PIES & PINTS franchise, and unfairly trading on and appropriating the reputation and good will of PIES & PINTS for the commercial gain of Sawmill.

46. By their acts alleged herein, Defendants have engaged in trademark infringement and trade name infringement under the common law of the State of Ohio.

## DEMAND FOR JUDGMENT

**WHEREFORE**, Pies & Pints respectfully requests that this Court enter judgment in its favor and against Sawmill on each and every cause of action set forth above, and award Pies & Pints the following relief:

1. An Order preliminarily and thereafter permanently enjoining and restraining Sawmill and all persons acting with them or who receive notice from:

    a. Using in any manner any colorable imitation of the PIES & PINTS mark in connection with Sawmill's goods and/or services in such a manner that is likely to create the erroneous belief that said goods and/or services are authorized by, sponsored by, licensed by or are in some way associated with Pies & Pints; and

      b.    Otherwise engaging in any other acts or conduct which would cause consumers to erroneously believe that Sawmill's goods and/or services are somehow sponsored by, authorized by, licensed by, or in any other way associated with Pies & Pints;

2. An Order requiring Sawmill to pay Pies & Pints:

      a.    Compensatory damages in an amount yet undetermined caused by the above-mentioned acts of infringement, false designation of origin, passing off, and unfair competition and that such damages be trebled in accordance with 15 U.S.C. § 1117;

      b.    All profits by Sawmill by reason of its unlawful acts alleged herein;

      c.    Punitive damages as may be permitted by law or in the discretion of the Court;

      d.    Pies & Pint's costs and attorneys' fees in this action pursuant to 15 U.S.C. § 1117 and other applicable laws;

3. An Order requiring Sawmill to cancel its trade name registrations registered with the State of Ohio.

4. Such other and further relief as the Court may deem just and appropriate to prevent the public from deriving erroneous impression that any goods or services provided by or promoted by Sawmill are authorized by Pies & Pints or related in any way to Pies & Pints, its goods or services.

                                                      Respectfully submitted,

                                                      */s/ Jay A. Yurkiw*
                                                      Jay Yurkiw, Trial Attorney (0068143)
                                                      Porter Wright Morris & Arthur LLP
                                                      41 South High Street
                                                      Columbus, Ohio 43215-6194
                                                      Telephone: 614-227-2012
                                                      Facsimile:  614-227-2100
                                                      Email:  jyurkiw@porterwright.com

                                                   *Attorneys for Plaintiff*

OF COUNSEL:

Gregory V. Novak (Texas #15119600)
Polsinelli PC
1000 Louisiana St., 53rd Floor
Houston, TX 77002
(713) 374-1600
gnovak@polsinelli.com

Daniel Mullarkey (VA Bar # 80726)
Polsinelli PC
1401 I Street, NW, Suite 800
Washington, DC 20005
(202) 626-8305
dmullarkey@polsinelli.com

## DEMAND FOR JURY TRIAL

Pies & Pints hereby requests a trial by jury on all issues triable to a jury.

/s/ Jay A. Yurkiw
Jay Yurkiw, Trial Attorney (0068143)
Porter Wright Morris & Arthur LLP
41 South High Street
Columbus, Ohio 43215-6194
Telephone: 614-227-2012
Facsimile: 614-227-2100
Email: jyurkiw@porterwright.com

*Attorneys for Plaintiff*